UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ESTHER ROSE,**

    **Plaintiffs,**

v.                                      **Case No. 8:23-cv-2864-TPB-AAS**

**COCA-COLA BEVERAGES FLORIDA, LLC,**

    **Defendant.**
_____/

# ORDER

Plaintiff Esther Rose requests the court compel Defendant Coca-Cola Beverages Florida, LLC (Coca-Cola) to provide more complete responses to Ms. Rose's requests for production. (Doc. 29). Ms. Rose originally filed the motion to compel without conferring with opposing counsel as required by Local Rule 3.01(g). (Doc. 23). For this failure, the undersigned denied the motion without prejudice. (Doc. 28).

Ms. Rose refiled the motion with an updated Local Rule 3.01(g) certification that reads, "the movant has conferred with counsel for Defendant, and has been unable to agree on any resolution to these matters. To date, all requests made by movement to address these matters without judicial intervention have not been responded to by Defendant." (Doc. 29, p. 7). Coca-Cola responded in opposition and alleged Ms. Rose's conferral fails to

meet the requirements of Local Rule 3.01(g). (Doc. 30). This response sparked a back-and-forth by the parties regarding whether the amended motion to compel (Doc. 29) complies with the conferral requirements of Local Rule 3.01(g). (*See* Docs. 31, 33). The undersigned then directed Ms. Rose to meaningfully confer[1] with Coca-Cola and file a notice on the docket outlining which issues could not be resolved by December 27, 2024. Ms. Rose failed to do so . Accordingly, Ms. Rose's Amended Motion to Compel (Doc. 29) is **DENIED**.

    **ORDERED** in Tampa, Florida on January 7, 2025.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000); *see also See Fox v. Lake Erie Coll. of Osteopathic Med., Inc.*, No. 8:19-CV-2795-T-60AAS, 2021 WL 9594006, at *1 (M.D. Fla. Sept. 9, 2021) ("This pre-filing requirement contemplates a substantive discussion, not a one-way communication[.]").