UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTHER ROSE,

    Plaintiff,

v.                                                        Case No. 8:23-cv-2864-TPB-AAS

COCA-COLA BEVERAGES
FLORIDA, LLC,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE "PLAINTIFF'S MOTION TO DETERMINE REASONABLE EXPERT DEPOSITION FEE"**

This matter is before the Court on the "Plaintiff's Motion to Determine Reasonable Expert Deposition Fee," filed on June 20, 2025. (Doc. 56). Defendant Coca-Cola Beverages Florida, LLC filed a response in opposition on July 3, 2025. (Doc. 61). Plaintiff Esther Rose filed a reply on July 7, 2025.[1] (Doc. 64). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

This case arises from a car accident that occurred in Lakeland, Florida, on September 30, 2021. Plaintiff was driving her vehicle in a parking lot when she was

---

[1] The Court notes that Plaintiff did not seek leave file a reply and it is therefore unauthorized. *See* Local Rule 3.01(d). However, in the interest of judicial economy, the Court will consider it.

struck by a truck owned by Defendant and operated by one of Defendant's employees. Plaintiff allegedly sustained injuries as a result of the accident.

In the instant motion, Plaintiff requests that the Court determine a reasonable expert witness fee for the videotaped deposition of Defendant's compulsory medical examination doctor, Larry Fishman, MD. The deposition is set for August 21, 2025. On June 19, 2025, Defendant provided Plaintiff an invoice totaling $5,200 for a two-hour deposition with Dr. Fishman. Plaintiff argues that the fee is excessive.[2]

The Court finds that Plaintiff's request for such a determination is premature. "[B]ecause Rule 26 contemplates experts being paid for *time spent*, any request for the Court to determine the reasonableness of such payment is premature [prior to the deposition] and must be renewed after the deposition has taken place." *Tennant v. Handi-House Mfg. Co.*, No. 3:16-cv-1276-J-25MCR, 2017 WL 11105252, at *2 (M.D. Fla. Nov. 20, 2017) (emphasis in original).

Furthermore, following Dr. Fishman's deposition, the parties should confer about the reasonableness of his fee before filing a renewed motion. *See Regions Bank v. Kaplan*, No. 8:12-cv-1837-T-17MAP, 2015 WL 4935694, at *4 (M.D. Fla. Aug. 18, 2015) (denying motion for approval of expert witness fees without prejudice and directing parties to confer about fees following the expert's deposition).

---

[2] In support of her argument, Plaintiff points to a 2018 state court finding that a reasonable hourly rate for Dr. Fishman's services was $750.00. *See Brown v. Adkins*, Order on Expert Witness Fee, Case No. 17-CA-942 (Fla. Cir. Ct. July 24, 2018). While the Court refrains from deciding the issue today, it notes that such evidence may be highly persuasive should Plaintiff renew her motion following the deposition.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Plaintiff's Motion to Determine Reasonable Expert Deposition Fee" (Doc. 56) is **DENIED WITHOUT PREJUDICE.**

2) Following the deposition, the parties shall confer and attempt to reach an agreement about Dr. Fishman's fee. If no agreement is reached, Plaintiff may file a renewed motion.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of July, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE