UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTHER ROSE,

    Plaintiff,

v.                                                    Case No. 8:23-cv-2864-TPB-AAS

COCA-COLA BEVERAGES
FLORIDA, LLC,

    Defendant.
_____/

**ORDER GRANTING IN PART "PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERTS, OR IN THE ALTERNATIVE, MOTION TO COMPEL DISCOVERY, AND MEMORANDUM OF LAW"**

This matter is before the Court on "Plaintiff's Motion to Strike Defendant's Experts, or in the Alternative, Motion to Compel Discovery, and Memorandum of Law," filed on June 20, 2025. (Doc. 57). Defendant Coca-Cola Beverages Florida, LLC filed a response in opposition on July 3, 2025. (Doc. 62). Plaintiff Esther Rose filed a reply on July 7, 2025.[1] (Doc. 63). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

This case arises from a car accident that occurred in Lakeland, Florida, on September 30, 2021. Plaintiff was driving her vehicle in a parking lot when she was struck by a truck owned by Defendant and operated by one of Defendant's employees. Plaintiff allegedly sustained injuries as a result of the accident.

---

[1] The Court notes that Plaintiff did not seek leave file a reply and it is therefore unauthorized. *See* Local Rule 3.01(d). However, in the interest of judicial economy, the Court will consider it.

In the instant motion, Plaintiff seeks to strike Defendant's expert witnesses on the basis that Defendant failed to provide information pertaining to the experts' compensation.[2] Alternatively, Plaintiff seeks an order compelling Defendant to provide the information. Defendant responds that the requested expert compensation information will be provided "well in advance of the depositions of each expert, which [was] not requested until June 16, 2025."[3]

Matters related to discovery fall squarely within the discretion of the district court. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To the extent a party objects to providing discovery, it "bears the burden of showing that the material requested is not relevant." *Caliber Home Loans, Inc. v. Bales*, No. 3:16-cv-1167-J-32JRK, 2017 WL 8341699, at *1 (M.D. Fla. Aug. 17, 2017).

Here, given that most of the previously-disputed discovery requests have been resolved, as well as the fact that Defendant agreed to provide the requested expert compensation information, Plaintiff's motion is granted to the extent that

---

[2] Plaintiff initially argued that she had not received information related to compensation paid to Defendant's experts, testimony lists for the experts, and information related to the experts' prior work for Defendant, among other things. Her reply, however, clarified that the only outstanding information sought concerned compensation paid to Defendant's experts.

[3] Defendant also contends that the motion should be denied for failing to include a Rule 3.01(g) certification. However, it is preferential to resolve disputes on the merits – not technicalities. *See Collier v. Geico General Ins. Co.*, No. 6:20-cv-1208, 2021 WL 3668351, at *3 (M.D. Fla. July 26, 2021). **But Plaintiff is warned that any future motions filed without a Rule 3.01(g) certification may be summarily denied.**

Defendant shall provide the requested expert compensation information on or before August 8, 2025.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Plaintiff's Motion to Strike Defendant's Experts, or in the Alternative, Motion to Compel Discovery, and Memorandum of Law" (Doc. 57) is **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that that Defendant shall provide the requested expert compensation information on or before August 8, 2025.

3) The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of July, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE